[No. 19874. Department Two. July 15, 1926.]

CLARICE ATKESON, *by her Guardian ad litem Walter R. Atkeson, Respondent,* v. PUGET TRANSPORTATION COMPANY *et al., Appellants.*[1]

[1] MUNICIPAL CORPORATIONS (381, 390)—STREETS—NEGLIGENT USE —AUTOMOBILES—RATE OF SPEED—QUESTION FOR JURY. The negligence of a bus driver in running down a girl at a street crossing is for the jury, where there was evidence that he was exceeding the speed limit and that he could have seen the girl crossing the street if he had not been intent on beating a street car across the intersection.

[2] TRIAL (132)—VERDICT—AMENDMENT OR CORRECTION BY JURY. Error in the form of a verdict as first received is not ground for a reversal where the situation was confusing and the jury did not properly express themselves as to the amount to be awarded against each defendant, and upon further instructions they brought in a verdict in proper form.

[3] SAME (102)—INSTRUCTIONS—REQUESTS—INSTRUCTIONS ALREADY GIVEN. It is not error to refuse requested instructions where the court in its own language properly covered the subject.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered November 21, 1925, upon the verdict of a jury rendered in favor of the

[1]Reported in 247 Pac. 956.

plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile. Affirmed.

*Frank A. Latcham* and *John B. Van Dyke,* for appellants.

*W. G. Heinly* and *A. O. Burmeister,* for respondent.

MITCHELL, J.—Clarice Atkeson, six years of age, by her guardian *ad litem,* sued the Puget Transportation Company, a common carrier of passengers in motor busses, and the Automobile Insurance Exchange as surety on the statutory bond of the transportation company, alleging that, on January 30, 1925, at the intersection of Ainsworth and Sixth avenues in Tacoma, the driver of one of the transportation company's busses carelessly and negligently ran into and upon her and seriously and permanently injured her. It was further alleged that the driver of the bus drove across the intersection at a greater rate of speed than twelve miles an hour, and greater than proper under the circumstances and without due regard for the safety of pedestrians crossing the intersection, in violation of an ordinance of the city and the statutes of the state, causing the injuries suffered by her. The answer was a general denial. A verdict was returned for the plaintiff and, from a judgment thereon, the defendants have appealed.

[1] It is claimed that the evidence was insufficient to justify a verdict for the respondent. Ainsworth avenue, running north and south, is crossed by Sixth avenue, running east and west, about a block north of a public school on the east side of Ainsworth. The Tacoma Railway & Power Company operates street cars on two tracks on Sixth avenue. The collision occurred a few minutes before nine o'clock in the morning. A street car going west stopped on the east side

of Ainsworth and let off a number of school children.
About the same time, an east bound street car stopped
to take on passengers on the west side of Ainsworth.
After the west bound car crossed Ainsworth, the east
bound car started to cross that avenue. The appellant's
for-hire bus was following and overtaking the east
bound street car, and there is some dispute or uncer-
tainty in the evidence as to whether it stopped, or
simply slowed down, as the east bound street car was
receiving passengers on the west side of Ainsworth.
As the street car moved across the avenue, the bus,
from a position slightly behind the street car and tak-
ing a course four or five feet south of and parallel with
the street car, sped up, or as one witness said, "shot
by the street car" at a specified speed in excess of that
fixed by both the state law and an ordinance of the city.
Just at that time, the girl, on her way to school, was
going south on the east sidewalk of Ainsworth, walking
fast or running, as the different witnesses testified,
and on reaching Sixth avenue continued her course.
The street car conductor, observing the child, stopped
his car in the street, but the bus driver ran into the
child just after she passed beyond the front of the
street car. The bus driver claimed he did not see the
child. However, the street car conductor and one or
two of his passengers, a person in an automobile im-
mediately behind the bus, and at least one passenger in
appellant's bus, each testified to seeing the girl before
and after she got on Sixth avenue and until she was
knocked down by the bus. One witness testified that,
shortly afterward, the driver of the bus said that, at
the time of the collision, he was thinking of instruc-
tions to beat the street car to the next crossing and
pick up passengers ahead of the street car. Some of
this important evidence was disputed, which presented,

of course, a case to be decided by the jury, and certainly not to be decided by the court as a matter of law in favor of the appellants.

[2]   A question is raised with respect to an irregular verdict proposed by the jury and the manner of having it corrected under the directions of the court. The amount the jury decided the plaintiff was entitled to recover was in excess of the bonding company's contract liability. The situation was confusing to the jury and caused them at first to incorrectly express themselves as to the amount against each of the defendants. The confusion and irregularity were apparent. Thereupon the court further advised them as to the form of verdict and with the additional caution and instruction that, until it was put in proper form upon an agreement, they should still consider the case as being with them upon the merits, sent them out for further deliberation. They then brought in a verdict in proper form which was received. There was no error in the course pursued.

It is contended there was error in several of the instructions given to the jury. They need not be set out herein. Upon due consideration of them, we are satisfied the assignments are not well taken.

[3]   Error is assigned upon the refusal of the court to give a requested instruction upon the subject of the responsibility and rights of a driver confronted with a sudden emergency and peril. But we find that the court did instruct the jury upon this subject in words of its own choosing, correctly and as favorably to the appellant as it could well do.

We are of the opinion that the verdict was not excessive. Affirmed.

TOLMAN, C. J., PARKER, MACKINTOSH, and MAIN, JJ., concur.